IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORITA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1759-N |
| | § | |
| WELLS FARGO BANK, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### **ORDER**

This Order addresses Defendants Wells Fargo Bank, N.A. as Trustee for Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2004-3 ("Wells Fargo") and JPMorgan Chase Bank, N.A.'s ("JPMC") motion for summary judgment [Doc. 12]. The Court grants the motion as to the unjust enrichment/quantum meruit claim, the promissory estoppel claim, the fraud/fraudulent inducement claim, the negligence claim, the action to quiet title, the action to remove cloud, and the slander of title claim. The Court denies the motion for summary judgment as to Plaintiff Davis's claims for breach of contract, negligent misrepresentation, and the requested relief.

### I. THE MORTGAGE DISPUTE

This case involves the mortgage on the homestead and residence of Lorita Davis (the "Property"). In connection with the Property, Davis executed a promissory note (the "Note") to Aegis Funding Corporation ("Aegis") on or about March 31, 2004. Davis and her husband, Desi Davis ("Mr. Davis"), executed a Deed of Trust, the beneficiary of which was

Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS assigned the Deed of Trust to Wells Fargo Bank, N.A. on June 6, 2007, and Wells Fargo Bank, N.A. subsequently assigned the Deed of Trust to Defendant Wells Fargo Bank, N.A. as Trustee for Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2004-3 ("Wells Fargo"). As the servicer for Wells Fargo, Defendant JPMC currently holds the note, which is indorsed in blank.

The dispute arises from communications between the parties regarding the mortgage on the Property and a loan modification, as well as from payments made pursuant to that modification. Davis began the process for securing a loan modification in May, 2010. Pl.'s First Am. Compl. 3 [7]. On September 27, 2010, she received a letter from the Chase Fulfillment Center thanking her for participating in the modification program and notifying her of a trial payment period beginning October 1, 2010. *Id.* at 3–4. Davis alleges she was unable to comply with the modification program because of the late notice and the fact that the notice did not include a payment amount. *Id.* at 4. On November 18, 2010 and December 15, 2010, Davis received foreclosure notices, and she continued her attempt to secure a loan modification. *Id.*

By letter dated January 5, 2011, Davis received notice that she had been approved to enter into a trial period under the Home Affordable Modification Program. *Id.* In accordance with the letter, she mailed three trial period payments, but, according to Davis, she never received notice from Defendants that they received or applied the payments. *Id.* at 4–5. Davis received a letter dated June 1, 2011, notifying her of her loan modification

ORDER – PAGE 2

approval, which she signed and returned to JPMC. *Id.* at 6. She subsequently received notice that she was in default on the loan and alleges that JPMC mortgage specialists told her over the phone that JPMC never received her loan modification paperwork and that it never applied the trial payments to her account. *Id.* at 7–9. Davis remains in default and currently possesses the Property. Defs.' Br. Supp. Mot. Summ. J. [14] ("Defs.' Br.") 3.

In her amended complaint, Davis asserts claims for breach of contract, negligent misrepresentation, declaratory judgment, fraud/fraud in the inducement, negligence, promissory estoppel, unjust enrichment/quantum meruit, quiet title, remove cloud on title, and slander of title. Pl.'s First Am. Compl. 10–16. She seeks damages, prejudgment interest, exemplary and punitive damages, and attorney's fees. *Id.* at 17–18.

## II. STANDARD FOR SUMMARY JUDGMENT

A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, a court must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his

favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "conclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. DAVIS'S CLAIMS FOR UNJUST ENRICHMENT/QUANTUM MERUIT, PROMISSORY ESTOPPEL, FRAUD/FRAUDULENT INDUCEMENT, NEGLIGENCE, QUIET TITLE, REMOVE CLOUD ON TITLE, AND SLANDER OF TITLE DO NOT SURVIVE SUMMARY JUDGMENT

#### *A. Davis Is Not Entitled to Relief on Her Unjust Enrichment/Quantum Meruit Claim*

Recovery under the theory of quantum meruit is based on principles of unjust enrichment. *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985). To prevail on a claim for quantum meruit, a party must establish the following elements: (1) the plaintiff rendered valuable services; (2) the services were rendered to the defendant; (3) the defendant accepted the services; and (4) the circumstances reasonably notified the defendant that the plaintiff expected compensation. *Id.*

Davis has failed to establish that she provided Defendants with a benefit that they were not already entitled to receive. *See Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 589 (N.D. Tex. 2013) ("Plaintiff fails to plead that she provided a benefit to Defendant to which it was not already entitled—specifically, payments under the mortgage loan and, where Plaintiff failed to make the required payments, foreclosure pursuant to the Deed of Trust that Plaintiff admits was a valid contract. As such, Plaintiff cannot plausibly recover on this claim."). Defendants were already entitled to receive mortgage payments, and Davis therefore failed to render a benefit to Defendants. Therefore, Davis cannot succeed with this claim as a matter of law.

### *B. Davis Is Not Entitled to Relief on Her Promissory Estoppel Claim*

A claim for promissory estoppel requires "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983) (citation omitted). Davis has not identified the promise made by Defendants, the foreseeability of reliance on a promise, or substantial reliance on the promise. To the extent that the alleged promises regarding a loan modification form the basis of the promissory estoppel claim, the claim fails, because a loan modification was executed.

Additionally, Davis's promissory estoppel claim is barred by the statute of frauds. Texas law provides that a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. COM. CODE § 26.02(b). Agreements to modify loans are subject to this requirement. *Miller*, 970 F. Supp. 2d at 581. To establish promissory estoppel, the plaintiff must therefore show that the defendant promised "to sign a written agreement which itself complies with the Statute of Frauds." *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982) (internal quotation marks omitted) (citation omitted). Davis has not made this showing, and therefore the Court grants summary judgment to Defendants on Davis's promissory estoppel claim.

### *C. Davis Is Not Entitled to Relief on Fraud/Fraudulent Inducement Claim*

The elements of a common-law fraud/fraud in the inducement claim under Texas law are: "(1) that a material representation was made; (2) the representation was false; (3) when

the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (citation omitted).

In support of her claim for fraud, Davis asserts that Defendants made intentional misrepresentations regarding the loan modification and she thereby suffered damages. Pl.'s First Am. Compl. 13–14. This claim, however, is barred by the statute of frauds because the alleged misrepresentations relate to promises of future conduct. *See Hernandez v. U.S. Bank, N.A.*, 2014 WL 3545761, at *2 (N.D. Tex. 2014) ("If the alleged fraudulent representations were purely promissory, a tort claim is barred by the statute of frauds; if the representations were factual, the plaintiff may seek recovery under a tort theory."). The Court therefore grants summary judgment on Davis's claim for fraud/fraudulent inducement.

### *D. Davis Is Not Entitled to Relief on Her Negligence Claim*

Under Texas law, a negligence claim requires (1) the existence of a duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In Texas, there is no common law duty of good faith and fair dealing in transactions between a mortgagee and mortgator. *Levels v. Merlino*, 969 F.Supp.2d 704, 717 (N.D. Tex. 2013). Davis therefore cannot establish the existence of a duty that is required to prevail on negligence claim. *See Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 330 (5th Cir. 2013) (unpub.) ("Plaintiff's negligence and gross negligence

claims fail because, under Texas law, there is 'no special relationship between a mortgagor and mortgagee' that would give rise to a stand-alone duty of good faith and fair dealing." (quoting *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App. – Corpus Christi 2005, pet. denied))). Because Davis cannot establish a prima facie case for negligence, the Court grants summary judgment on this claim.

### E. Davis Is Not Entitled to Relief on Her Action to Quiet Title, Action to Remove Title, or Claim for Slander of Title

Davis "seeks the removal of any lien, mortgage and/or deed of trust lien held by Defendants which encumbers the real estate (Property)." Pl.'s First Am. Compl. 16. Moreover, "Plaintiff seeks remedy under the following causes of action: action to quiet title; action to remove cloud on title; declaratory judgment action; and/or slander of title." *Id.*

To succeed on a quiet title claim, a plaintiff must prove that (1) she has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable. *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *7 (S.D. Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] 2011, no pet.) (mem. op.)). Thus, the principal issue in a quiet title action is "the existence of a cloud that equity will remove." *Metcalf v. Deutsche Bank Nat. Trust Co.*, 2012 WL 2399369, at *6 (N.D. Tex. 2012) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App. – Waco 1980, writ ref'd n.r.e.)). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the

ORDER – PAGE 8

owner of the property." *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.).

Here, Davis does show that she has an interest in the Property and that Defendants claim affects title to the Property. But Davis presents no evidence to support her argument that Defendants' claim is facially valid but in fact invalid or unenforceable. To the contrary, the evidence presented supports the conclusion that Defendants' claim is valid and that JPMC has the authority to enforce its claim. Davis admitted that she is currently obligated to make payments under the loan agreement, and Mr. Davis admitted that he was not trying to void the Note and the Deed of Trust. *See* Defs.' Resp. App. 110, 132. Accordingly, Defendants are entitled to summary judgment on Davis's quiet title claim and action to remove cloud.

Under Texas law, to prevail on a claim for slander of title, the plaintiff must show: "1) the uttering and publishing of disparaging words; 2) falsity; 3) malice; 4) special damages; 5) possession of an estate or interest in the property disparaged; and 6) the loss of a specific sale." *Duncan Land & Exp., Inc. v. Littlepage*, 984 S.W.2d 318, 332 (Tex. App.– Fort Worth 1998, pet. denied); *see also Moye v. Fed. Home Loan Mortgage Corp.*, 2012 WL 3048858, at *4 (S.D. Tex. 2012). Davis has not alleged any of these elements in her complaint or in her response to the motion for summary judgment. Defendants are therefore entitled to summary judgment on the slander of title claim.

## IV. THE COURT DENIES SUMMARY JUDGMENT ON DAVIS'S CLAIMS FOR BREACH OF CONTRACT, NEGLIGENT MISREPRESENTATION, AND REQUESTED RELIEF

### *A. Davis's Breach of Contract Claim Survives Summary Judgment*

Under Texas law, "[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (alteration in original) (citation omitted) (internal quotations marks omitted). Davis's breach of contract claim arises out the loan modification agreement. Davis does not dispute that she remains liable on the Loan, but rather maintains that Defendants breached the loan modification agreement "by failing to account properly for Plaintiff's payments . . . and by wrongfully and prematurely sending notices of Default and Acceleration." Pl.'s Resp. [18] 7–8. Defendants assert that it is Davis who has breached by failing to make payments on the loan. *See* Defs.' Br. 5–6.

Timing of the breach is important because Davis is excused from performance only if Defendants breached the contract prior to her breach. *See Levels,* 969 F.Supp.2d at 730 ("[i]t is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." (quoting *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.,* 134 S.W.3d 195, 196 (Tex.2004) (alteration in original) (internal quotation marks omitted))). Davis further maintains that there is a fact issue regarding whether the May 2011 payment should

have been applied to the payment due in July 2011. Pl.'s Resp. 8. Because there are genuine issues of material fact regarding whether the May 2011 payment should have been applied to July 2011's payment and which party breached first (if at all), summary judgment on the breach of contract claim is improper.

### B. Davis's Negligent Misrepresentation Claim Survives Summary Judgment

A claim for negligent misrepresentation requires that "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *First Nat. Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998) (citing *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

Davis's negligent misrepresentation claim is not barred by the statute of frauds to the extent that it does not relate to representations about future conduct regarding the loan modification. *Gamez v. Wells Fargo Bank, N.A.*, 2013 WL 960464, at *5 (S.D. Tex. 2013). ("'[A] claim of negligent misrepresentation may not be used to circumvent the statute of frauds,' . . . ; therefore, if the 'claim sounds in contract, it is barred by the statute of frauds[.]'" (internal citations omitted)). Davis alleges that JPMC representatives told her that JPMC never received the loan modification agreement, that JPMC did not receive certain payments, and that there was no modification agreement. These are misrepresentations of

ORDER – PAGE 11

existing fact that are actionable. *See Sloane*, 825 S.W.2d at 441 (affirming a jury's finding that "the bank negligently misrepresented to the [plaintiffs] that the bank had approved their loan application"). As a result of these representations, Davis maintains she suffered damages in the form of attorney's fees, debt counseling, and obtaining a loan securitization audit. Because a reasonable juror could find for Davis on her claim for negligent misrepresentation, summary judgment on this claim is improper.

### *C. Davis's Claims for Relief Survive Summary Judgment*

Davis seeks relief in the form of a declaratory judgment, exemplary and punitive damages, attorney's fees, and prejudgment interest. *See* Pl.'s First Am. Compl. 13, 17–18. Defendants move for summary judgment on these claims for relief on the grounds that there are no viable causes of actions. *See, e.g.*, 28 U.S.C. § 2201 (allowing a federal court to "declare the rights and other legal relations of any interested party seeking such declaration" provided there is an "actual controversy"). Because there are claims remaining, Davis may be entitled to recover her requested relief. Summary judgment on Davis's request for declaratory judgment, damages, and attorney's fees is therefore improper.

### CONCLUSION

Accordingly, the Court grants summary judgment on the unjust enrichment/quantum meruit claim, the promissory estoppel claim, the fraud/fraudulent inducement claim, the negligence claim, the action to quiet title, the action to remove cloud, and the slander of title claim. The Court denies summary judgment on Davis's claims for breach of contract, negligent misrepresentation, and her requested relief.

Signed September 23, 2014

_____
David C. Godbey
United States District Judge